**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ANALYS ROMAO,**

            Plaintiff,

vs.                                           **CASE NO.:**

**BODY TEK FITNESS, INC.**
A Florida corporation,

            Defendant.

_____/

## COMPLAINT FOR SEXUAL HARASSMENT

The Plaintiff, **ANALYS ROMAO**, by and through the undersigned counsel, pursuant to Title VII of the Civil Rights Act of 1964, sues the Defendant, **BODY TEK FITNESS, INC.,** and as grounds states:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. ss1331, 1337 and 1343. This action is authorized and instituted pursuant to s703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s2000e, et. seq. ("Title VII.")

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States for the Southern District of Florida, in Miami-Dade County, Florida.

3. Plaintiff, **ANALYS ROMAO**, resides in Miami-Dade County, Florida. The Plaintiff is female. The Plaintiff was employed by **BODY TEK FITNESS, INC.,** from February 10, 2016 to July 10, 2018.

4. The Plaintiff was constructively terminated by her employer on July 10, 2018.

5. Defendant, **BODY TEK FITNESS, INC.,** is a Florida corporation, licensed and incorporated in Miami, doing business in Miami-Dade County, Florida. Plaintiff was

employed by defendant at its offices located in Wynwood neighborhood, Miami Florida and at the corporate headquarters, 7665 David Road Extension, Hollywood, Florida, in Broward, Florida. Defendant employs fifteen (15) or more employees.

6. Plaintiff, **ANALYS ROMAO**, filed a Charge of Discrimination, alleging discrimination and sexual harassment with the Equal Employment Opportunity Commission (EEOC). The charge was assigned number 510-2018-05623.

7. The EEOC issued to the Plaintiff, **ANALYS ROMAO**, a "Notice of Right to Sue Within Ninety (90) Days" authorization on EEOC Charge No. 510-2016-05623. Plaintiff, **ANALYS ROMAO**, received a "Notice of Right to Sue" letter on or around December 3, 2020.

8. The Plaintiff has complied with all conditions precedent to bringing this claim.

## COUNT I
## DISCRIMINATION CLAIM PLAINTIFF ANALYS ROMAO

Plaintiff incorporates, as if fully restated, all of the allegations one through eight and further states:

9. In the early months of 2018, the Plaintiff was the head trainer and responsible for hiring fitness trainers and instructors.

10. Starting in mid-2018 the Plaintiff, **ANALYS ROMAO** was directed by the owner of the business, Mike Verdugo, to only hire fitness trainers based upon their gender (male) and sexual orientation (gay). The instructions were clear as they were sent by text with the additional qualification that she can only hire gay men, who were "hot."

11. The instructions became more than a request, and when the owner, Mike Verdugo, demanded that the Plaintiff hire only "Hot Gay Men."  The instructions were verbal and by smartphone/texts, were pervasive, numerous, and harassing.

12. The harassment included a demotion.

13. The Plaintiff complained about the hiring practices and the demotion to the employer –who was otherwise aware– and of the sexually discriminatory conduct; but, the employer, Defendant **BODY TEK FITNESS, INC.**, failed to take any appropriate corrective action.

14. The discrimination was severe and pervasive so as to unreasonably interfere with Plaintiff's physical health and work performance, and so as to create an intimidating, hostile, and offensive working environment.

15. The Defendant's adverse action included owner, Mike Verdugo, making multiple comments degrading the Plaintiff. The comments were intended to impugn the Plaintiff's performance and her refusal to participate in the discriminatory treatment ("hiring hot gay men") and were made in front of other employees. The derogatory comments by Mike Verdugo were made in front of employees who included, but were not limited to: M. Diaz, T. Flowers, B Scali, A. Franco and D. Fanning, and many customers. The statements made by Mike Verdugo ruined the reputation and credibility of the Plaintiff and created an atmosphere of hostility which severely damaged her reputation in the eyes of her co-workers and customers.

16. **BODY TEK FITNESS, INC.**, was aware of the hostile work environment and condoned the environment.

17. Owner, Mike Verdugo's, conduct was open and obvious to other employees, both management and non-management at the **BODY TEK FITNESS, INC.**, offices.

18. As a direct result of the discrimination the Plaintiff suffered damages, including economic losses, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff, **ANALYS ROMAO** demands judgment against the Defendant, **BODY TEK FITNESS, INC.** a jury trial for all legal issues triable as of right by a jury and

respectfully requests this court to enter a judgment awarding plaintiff all such legal and/or equitable relief as will effectuate the purposes of Title VII, including, but not limited to:

    a.  Restoring all of Plaintiff's employment-related benefits.

    b.  Awarding front pay as warranted under the circumstances of this case;

    c.  Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff.

    d.  Awarding Plaintiff costs and a reasonable attorney's fees; and

    e.  Punitive or exemplary damages; and

    f.  Awarding Plaintiff all other relief as the court deems to be equitable and just.

## COUNT II
## RETALIATION CLAIM PLAINTIFF ANALYS ROMAO

Plaintiff incorporates, as if fully restated, all of the allegations one through eight and further states:

19. In the early months of 2018, the Plaintiff was the head trainer and responsible for hiring fitness trainers and instructors.

20. Starting in mid-2018 the Plaintiff, **ANALYS ROMAO** was directed by the owner of the business, Mike Verdugo, to only hire fitness trainers based upon their gender (male) and sexual orientation (gay). The instructions were clear as they were sent by text with the additional qualification that she can only hire gay men, who were "hot."

21. The instructions became more than a request, and when the Plaintiff told Mike Verdugo "…that the criteria was unlawful and good fitness trainers were not within the criteria…" the Defendant, Mike Verdugo retaliated against the Plaintiff by demoting her to a regular trainer position, made her position part time, and reduced her salary/wage to an unlivable amount.

22. The reason given to the Plaintiff for her demotion by the Defendant was that she presented performance issues, but this was just a pretext.   This was just a pretext, and there were no issues related to her performance except her unwillingness to use the unlawful criteria for hiring employees.

23. The demotion was in retaliation for her refusal to implement the unlawful hiring practices and her complaints about the unlawful practices.

24. Plaintiff provided notice of her complaint about the hiring practices and the demotion to the employer –who was otherwise aware– and of the sexually discriminatory conduct; but, the employer, Defendant **BODY TEK FITNESS, INC.**, failed to take any appropriate corrective action.

25. The retaliation was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health and work performance and established an environment that led to the constructive termination.

26. Owner, Mike Verdugo's, conduct was open and obvious to other employees, both management and non-management at the **BODY TEK FITNESS, INC.**, offices.

27. As a direct result of the retaliation the Plaintiff suffered damages including economic losses, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff, **ANALYS ROMAO** demands judgment against the Defendant, **BODY TEK FITNESS, INC.** a jury trial for all legal issues triable as of right by a jury and respectfully requests this court to enter a judgment awarding plaintiff all such legal and/or equitable relief as will effectuate the purposes of Title VII, including, but not limited to:

g.  Restoring all of Plaintiff's employment-related benefits.

h.  Awarding front pay as warranted under the circumstances of this case;

i.   Awarding all unpaid wages and other entitlements consisting of damages in the form of back pay due to the Plaintiff.

j.   Awarding Plaintiff costs and a reasonable attorney's fees; and

k.   Punitive or exemplary damages; and

l.   Awarding Plaintiff all other relief as the court deems to be equitable and just.

Respectfully submitted,

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite #601
Miami, FL 33130
Telephone (305) 529-1040
Email: richard@caldwell.legal
        rjcaldwellpa@gmail.con
        assistant@caldwell.legal

By:_____
        Richard J. Caldwell, Esq.
        Florida Bar No. 825654

6